UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CASHMAN EQUIPMENT CORP.** | * | **CIVIL NO.  6:10-0512** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **INTEGRATED CONSTRUCTION, LLC, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## ORDER AWARDING ATTORNEY FEES

By Report and Recommendation set forth on the record during the October 4, 2011 hearing of the plaintiff's Motion to Enforce Settlement Agreement, the undersigned recommended that, pursuant to the terms of the Settlement agreement, plaintiff, Cashman Equipment Corporation, be awarded attorney's fees.  *See* rec. docs. 74 and 77.  Accordingly, the undersigned ordered plaintiff's counsel to submit an affidavit of attorney's fees incurred as a result of the filing of the Motion.  The defendant was granted seven days from the date of filing of the affidavit to file objections.  *See* rec. doc. 74.  The award was referred to the undersigned in accordance with the regular practice in this Court.

In accordance with this Court's instructions, plaintiff's counsel, Scott D. Brownell, a practicing attorney with approximately twelve years experience, has filed an affidavit in which he states that his hourly rate for the calendar year 2011 is $235.00.  Brownell further states that he expended a total of 2.1 hours preparing the Motion to Enforce Settlement Agreement and accompanying Memorandum in Support, as well as 1.0 hours preparing for, and participating in, the telephone hearing on the Motion.  Accordingly, Brownell requests that Cashman Equipment Corporation be awarded a total of $728.50.

The defendant has filed no Objections to the affidavit, and the deadline for filing objections has now passed.

The Settlement Agreement between the parties provides as follows:

> [I]n the event any party . . . is required to file a motion or action to enforce the provisions of this Agreement, the prevailing party in such action shall be entitled to recover their reasonable attorney's fees and costs incurred in such action.

*See* rec. doc. 72, ¶ 8(d).

The undersigned finds that the requested 3.1 hours for the work performed in connection with the Motion to Enforce Settlement Agreement are not excessive nor duplicative, and are reasonable. Accordingly, the undersigned finds that the claimed 3.1 hours for these services should be awarded.

The undersigned further finds that Mr. Brownell's rate of $235.00 per hour for legal representation in connection with the Motion to Enforce Settlement Agreement is *prima facie* reasonable.

The undersigned further finds that assessment of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) requires no adjustment to the amount of attorney's fees claimed.[1]

In sum, the award sought herein is minimal and entirely reasonable, and there has been no objection to the grant of the award. Accordingly;

---

[1] The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-719.

3

**IT IS ORDERED** that the sum of $728.50 in attorney's fees is hereby awarded to plaintiff, Cashman Equipment Corporation.

Signed this 24th day of October, 2011, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE